1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10                         ----oo0oo----

11  MOSETTA BERNSTINE,
                                   NO. CIV. S-07-0034 WBS KJM
12          Plaintiff,            NO. CIV. S-07-0051 WBS KJM
                                   NO. CIV. S-07-0073 WBS KJM
13
            v.
14
                                   MEMORANDUM AND ORDER RE:
15  MERCK & COMPANY, INC., a       MOTION TO REMAND AND MOTION TO
    corporation; MCKESSON          STAY
16  CORPORATION, a corporation;
    AMERISOURCEBERGEN DRUG
17  CORPORATION, a corporation; and
    DOES 1 through 100, inclusive,
18
            Defendants.
19  _____

20  BARBARA FORD DANIELS,

21          Plaintiff,

22
            v.
23
24  MERCK & COMPANY, INC., a
    corporation; MCKESSON
25  CORPORATION, a corporation;
    AMERISOURCEBERGEN DRUG
26  CORPORATION, a corporation; and
    DOES 1 through 100, inclusive,
27
            Defendants.
28  _____

                          1

ISHMAEL HAQQ,

       Plaintiff,

       v.

MERCK & COMPANY, INC., a
corporation; MCKESSON
CORPORATION, a corporation;
AMERISOURCEBERGEN DRUG
CORPORATION, a corporation; and
DOES 1 through 100, inclusive,

       Defendants.

----oo0oo----

Plaintiffs brought these related actions in the California Superior Court in and for the County of Los Angeles for damages related to use of the drug Vioxx.  The actions were removed to this court based on diversity jurisdiction under 28 U.S.C. § 1441.  Plaintiffs now move to remand state court. Defendant Merck moves instead to stay the cases pending transfer to the United States District Court for the Eastern District of Louisiana pursuant to 28 U.S.C. § 1407.

I.   <u>Factual and Procedural Background</u>

Defendant Merck is a pharmaceutical company incorporated and having its principal place of business in New Jersey.  Defendant McKesson Corporation ("McKesson") is a California corporation, and defendant AmerisourceBergen Drug Corporation ("ABC") is a corporation doing business in California,[1] both of which serve as distributors of Merck

---

[1]     Plaintiffs' Motion to Remand opines that ABC's principal place of business is in California, but admits that such a conclusion is mere speculation.  (Mot. to Remand 4 n.1.)

1  pharmaceuticals.  Prior to September, 2004, Merck manufactured

2  and marketed Vioxx, a nonsteroidal anti-inflammatory drug used to

3  treat arthritis and acute pain.  However, on September 30, 2004,

4  Merck voluntarily withdrew Vioxx from the market in light of

5  evidence that patients taking the drug experienced cardiovascular

6  complications.  Plaintiffs all allege damages resulting from use

7  of Vioxx.

8         On February 16, 2005, the Judicial Panel on

9  Multidistrict Litigation ("MDL") consolidated 138 federal cases

10 involving Vioxx and transferred them to the Eastern District of

11 Louisiana.  See MDL Panel Docket No. 05-1657 (E.D. La. Feb. 20,

12 2007) (Conditional Transfer Order ("CTO")-83).  At last count,

13 5,932 additional Vioxx cases had been transferred there.  See MDL

14 Panel Docket No. 05-1657 (E.D. La. Apr. 13, 2007) (CTO-91).

15        Plaintiffs contend that remand is necessary because

16 Merck's removal of these actions based on diversity jurisdiction

17 was improper.  Defendant Merck moves to stay these actions in

18 light of an expected decision by the MDL court to transfer them.[2]

19 II.  Discussion

20        The power to stay proceedings "is incidental to the

21 power inherent in every court to control the disposition of the

22 causes on its docket with economy of time and effort for itself,

23 for counsel, and for litigants."  Landis v. N. Am. Co., 299 U.S.

24 248, 254 (1936).  Moreover, a stay, and deference to the MDL

25

26        [2]   Conditional Transfer Order 83 marked these three cases
   as transferrable to the MDL proceedings.  MDL Panel Docket No.
27 05-1657 (E.D. La. Feb. 1, 2007) (CTO-83) (docketed Feb. 20,
   2007).  Plaintiffs opposed transfer on February 20, 2007.  Id.
28 Consequently, actual transfer of this action has been delayed
   pending resolution of that issue by the MDL court.

1  transferee court, is particularly appropriate when the parties

2  contest issues that are "likely to arise in other actions

3  pending" in the consolidated proceedings.  Conroy v. Fresh Del

4  Monte Produce Inc., 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004).

5       On January 25, 2006, this court issued a stay in Leeson

6  v. Merck & Co., No. 05-2240.  With the exception of ABC being

7  named as a defendant, these cases are identical to Leeson in

8  almost all respects.[3]  That case involved a similar plaintiff's

9  motion to remand and a Merck motion for a stay, pending

10  resolution of plaintiff's objections to transfer to the MDL

11  court.  Significantly, the parties in Leeson also disputed

12  whether defendant McKesson had been fraudulently joined, an issue

13  which will determine whether plaintiffs' cases against defendant

14  Merck will proceed in the Los Angeles Coordinated Proceeding for

15  Vioxx products liability cases or in the federal MDL in

16  Louisiana.

17       For the reasons stated in the order in Leeson, the

18  court will also stay these cases.  After the transfer is

19  complete, the MDL court will be in the best position to provide a

20  uniform answer to whether McKesson and/or ABC were fraudulently

21  joined for the purpose of defeating diversity jurisdiction.

22       In so holding, the undersigned continues a recent trend

23  in this court to stay the Vioxx products liability cases against

24  Merck pending transfer to the federal MDL.  See Welch v. Merck &

25

26       [3]  It is unclear whether the addition of ABC as a
   defendant will destroy diversity.  Regardless, assuming this to
27  be true, the removal and fraudulent joinder analysis does not
   change, as all parties concede that McKesson is a California
28  corporation.

4

1    Co., No. S-05-2267, slip op. (E.D. Cal. Feb. 3, 2006); <u>Lame Bull</u>

2    <u>v. Merck & Co.</u>, No. S-05-2465, slip op. (E.D. Cal. Jan. 23,

3    2006); <u>Parker ex rel. Dunn v. Merck & Co.</u>, No. S-05-2446, slip

4    op. (E.D. Cal. Jan. 24, 2006); <u>Crook v. Merck & Co.</u>, No. S-05-

5    2436, minute order (E.D. Cal. Jan. 19, 2006).  The approach

6    emerging in this district is also consistent with decisions in

7    the Northern and Southern Districts of California.  <u>See</u>, <u>e.g.</u>,

8    <u>Johnson v. Merck & Co.</u>, No. 05-02881, slip op. at 2 (N.D. Cal.

9    Oct. 3, 2005); <u>In re Vioxx Prod. Liability Cases</u>, No. 05-0943,

10   slip op. at 5 (S.D. Cal. July 11, 2005).  In the interest of

11   judicial economy and to further the consistency that MDL

12   proceedings aim to provide, staying the instant actions is

13   appropriate.

14           IT IS THEREFORE ORDERED that:

15           (1) defendant's motions to stay be, and the same hereby

16   are, GRANTED;

17           (2) plaintiffs' motions to remand be, and the same

18   hereby are, DENIED WITHOUT PREJUDICE.

19   DATED: April 23, 2007

20

21   _____

22   WILLIAM B. SHUBB
     UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28

5